Per Curiam.

The financial resources set forth in the reply may not be considered on a review of the State Liquor Authority’s determination since the availability of those assets to the petitioners formed no part of the evidence before that body.
The evidence upon which the Authority acted indicated that the greater portion of the $10,000 to be invested in the business was to be supplied by the petitioner Samuel Tobkes. While his financial statement lists assets in excess of the amount required, his principal asset is a wholly owned tire and gas station business having a net worth of $13,975.25 of which $7,137.84 is represented by inventory and capital assets. In view of his intention to continue in that business the Authority, upon a consideration of the financial statements before it, concluded that the petitioners did not have sufficient assets for the successful operation of two businesses and that the granting of a license in such circumstances might create a hazard in the proper regulation of the liquor traffic. The Authority has found from past experience that licensees who attempt to operate with inadequate resources oftentimes succumb to the temptation of committing violations of the Alcoholic Beverage Control Law. It may not, therefore, *242 be said that its determination in this case, which was based upon a reasonable analysis of the financial statements, was arbitrary or capricious.
. It appears, however, that the petitioners were ignorant of the fact that the disapproval of their application ivas based upon a finding of insufficiency of assets, until after this proceeding was instituted. As a consequenc the resources set forth in the reply and alleged to be available to them were not made known to the Authority. If evidence of the availability of those resources had been presented a different result might possibly have been reached. The failure of petitioners to submit such proof initially is understandable in view of the financial statements which were submitted and the nature of the additional resources.
An opportunity to offer additional evidence of financial responsibility would have been afforded the petitioners had the Authority disclosed the factual findings upon which its determination was based. However the Authority at no time gave any satisfactory statement of the reasons for its decision until after the institution of this proceeding. It will be advisable for the Authority in rendering its decisions to make suitable findings of fact. (Matter of Elite Dairy Products v. Ten Eyck, 271 N. Y. 488, 498; New York Water Service Corp. v. Water Power & Control Comm., 283 N. Y. 23, 32; Matter of Guernsey Breeders Co-Op. v. Noyes, 284 N. Y. 197; People ex rel. Fordham Manor Reformed Church v. Walsh, 244 N. Y. 280.) By so doing any misunderstanding may be corrected and any deficiency supplied before resort is had to the courts. It should not be necessary for an unsuccessful applicant to institute a legal proceeding in order to ascertain the reasons for the denial of his application.
The order appealed from should therefore be reversed, without costs and the proceeding remitted to the State Liquor Authority for the purpose of receiving such additional evidence of financial responsibility as may be offered and to arrive at such conclusion regarding the issuance of a license as may be warranted thereby.
Martin, P. J., Glennon, Dore, Callahan and Van Voorhis, JJ ., concur.
Order unanimously reversed, without costs and the proceeding remitted to the State Liquor Authority for the purpose of receiving such additional evidence of financial responsibility as may be offered and to arrive at such conclusion regarding the issuance of a license as may be warranted thereby. Settle order on notice.